UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:
Leroy Bryant,                                          Case No. 07-44893
                                                       Chapter 13
                    Debtor.                            Hon. Phillip J. Shefferly
_____/

**ORDER DISMISSING CASE AND IMPOSING PERMANENT
BAR ON ANY FURTHER BANKRUPTCY FILING**

On March 22, 2007, the Court entered an order to show cause why this case should not be dismissed and the Debtor barred from further bankruptcy filings. The order to show cause detailed nine separate bankruptcy cases filed by the Debtor, including this case. The first eight of these cases were dismissed. None of them were properly prosecuted. No filing fees were paid in any of them. No § 341 meeting of creditors was conducted in any of them. Schedules of assets and liabilities, statement of financial affairs and other required documents were not filed. All of these cases have been filed since July, 2004. It appears to the Court that the Debtor has been almost continuously in a bankruptcy proceeding since July, 2004 without undertaking even the minimal responsibilities of a Debtor under the Bankruptcy Code and Bankruptcy Rules. The manner in which the Debtor has filed these bare bones cases has enabled him to avoid scrutiny in these cases by creditors and by the Court because the cases are unaccompanied by required documents and therefore are routinely dismissed prior to the time that hearings are held by the Court in any of them. Because of these facts, the Court scheduled a hearing on its order to show cause for April 3, 2007. The order to show cause required to Debtor to appear at the hearing and show cause why this case should not be dismissed and why the Debtor should not be permanently barred from filing any further bankruptcy cases without permission of this Court and why this Court should not consider the imposition of additional sanctions against the Debtor because of his conduct. True to form, the Debtor did not appear at the hearing. The Chapter 13 Trustee appeared at the hearing and explained to the Court that

she had also reviewed the files and records of the Debtor and was prepared to provide further evidence to the Court regarding the insufficiencies of each of these cases and the failure of the Debtor to properly prosecute any of them.

After reviewing all nine of the Debtor's bankruptcy cases, the Court finds that the Debtor has engaged in a pattern of willful failure to abide by orders of the Court, the provisions of the Bankruptcy Code and the Bankruptcy Rules. The Court further finds that the Debtor has failed to appear before the Court in proper prosecution of any of his bankruptcy cases. Further, the Court finds that the Debtor failed to appear at the hearing on the order to show cause without explanation on April 3, 2007. For the reasons set forth on the record in open court on April 3, 2007, the Court concludes that this case should be dismissed and that the Debtor must be permanently barred from filing any further bankruptcy cases without permission of this Court. Accordingly, pursuant to this Court's powers under § 105(a), § 109(g)(1) and § 349(a), see Deitrich v. Nob-Hill Stadium Properties, No. 05-2255, 2007 WL 579547 (6th Cir. Feb. 15, 2007); In re Stump, 280 B.R. 208, 215 n.3 (Bankr. S.D. Ohio 2002) (collecting cases),

IT IS HEREBY ORDERED that this Chapter 7 case is dismissed.

IT IS FURTHER ORDERED that the Debtor, Leroy Bryant, is permanently barred from ever filing any bankruptcy petition without having first obtained the prior order of this Court expressly permitting him to file such petition.

.

-2-

07-44893-pjs    Doc 16    Filed 04/05/07    Entered 04/05/07 16:32:37    Page 2 of 3

**Signed on April 05, 2007**

                                                      **/s/ Phillip J. Shefferly**
                                                     **Phillip J. Shefferly**
                                                   **United States Bankruptcy Judge**